FILED

06/22/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0731

## SYNOPSIS OF THE CASE

**2021 MT 151, DA 19-0731:** **STATE OF MONTANA,** Plaintiff and Appellee, **v. TRAVIS STAKER,** Defendant and Appellant.[1]

In a unanimous decision, the Montana Supreme Court today affirmed a 2019 conviction of a Bozeman man for patronizing prostitution, a misdemeanor, by concluding that the Montana Eighteenth Judicial District Court, Gallatin County, correctly denied a motion to suppress his unwitting text message conversation with an undercover federal agent posing as a sex worker under a fake internet advertisement for sexual services. The man responded to the false ad by text message and then unwittingly engaged in a text conversation with a cloaked federal agent, posing as a sex worker known only as "Lily." The text message conversation culminated in the man's arrest at a Bozeman hotel where he found law enforcement officers lying in wait for him when he arrived for the negotiated sexual transaction.

Analogizing his case to those where the Court has invalidated the use of warrantless government monitoring and recording of seemingly private conversations by surreptitious electronic means, the man moved for suppression of all evidence against him on the asserted ground that the warrantless use of a cloaked government agent under a fake internet ad similarly violated his reasonable expectation of privacy in violation of his Montana constitutional rights to privacy and to be free from unreasonable government searches and seizures. The Court noted, however, that his case did not involve any use of warrantless government monitoring and recording of private conversations by separate surreptitious electronic means, but rather hinged on the man's blind trust and reliance under the circumstances that he was texting with a sex worker rather than a law enforcement officer. The Court thus held that government action did not intrude upon any constitutionally protected interest because the man had no objectively reasonable expectation in the privacy of text messages he knowingly and voluntarily sent to the cell phone of another, with no reasonably reliable basis upon which to trust and rely that the other was in fact the person he thought she was, or that she would not thereafter disclose or share their seemingly private communications with others including law enforcement.

---

[1] This synopsis is for public convenience only. It is not part of the Court's Opinion and may not be cited as precedent.